132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Hocog NAPUTI, Defendant-Appellant.
 No. 97-10208.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the Northern Mariana Islands, No. CR-96-00035; Alex R. Munson, Chief District Judge, Presiding.
 Before: BRIGHT,*** FLETCHER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael Hocog Naputi ("Naputi") appeals his sentence following his guilty plea to possession of methamphetamine, in violation of 21 U.S.C. § 844. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 A. Rule 11 Notice
 
 3
 Naputi assumes that the oral plea agreement in this case was a Rule 11(e)(1)(B) agreement and argues that the district court did not notify him that if the court rejected the recommendation for a two-point deduction to his offense level, he would not be allowed to withdraw his plea. However, Naputi's assumption is not supported by the record evidence, which clearly indicates that this was a Rule 11(e)(1)(A) agreement that does not require the notice to which Naputi claims he was entitled. At the change of plea hearing, the Government, pursuant to the plea agreement, asked for and was granted the dismissal of the felony possession charges in exchange for Naputi's guilty plea to the simple possession charge.
 
 
 4
 Naputi's argument on appeal that the oral plea agreement actually contained the additional promise that the Government would recommend a two-point reduction of Naputi's offense level at sentencing for substantial assistance is belied by the record. At the change of plea hearing, the Government told the district court that "the defense understands that the government has made no commitment to any specific recommendation at this time with respect to sentencing." The fact that neither Naputi nor his attorney ever objected to this characterization of the agreement, either at the change of plea hearing or the sentencing hearing, is a further indication that the two-point deduction was not part of the plea agreement. There was no error here.
 
 B. Naputi's Constitutional Arguments
 
 5
 There is no logical basis to support Naputi's argument that the district court concluded that "the defendant should be imprisoned until he is free from his uncontrollable problem with the illegal use of ice and marijuana." (Appellant's Opening Brief at 15.) Further, the fact that a person convicted of possessing illegal drugs is sentenced to spend ten months in prison does not violate our "evolving standards of decency" and is not "grossly disproportionate to the crime being punished." Harris v. Wright, 93 F.3d 581, 583 (9th Cir.1996). Naputi's ten-month prison sentence does not violate the Constitution.[1]
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We decline to exercise our discretion to review Naputi's claim of ineffective assistance of counsel and therefore do not decide that claim in this appeal